IN THE OREGON TAX COURT
REGULAR DIVISION

Howard L. McKEE
and Kennon P. McKee,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

LINCOLN COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4620)

Jack L. Orchard, Ball Janik, LLP, Portland, argued the cause for Plaintiffs (taxpayers).

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Robert Bovert, Lincoln County Assistant County Counsel, Newport, argued the cause for Intervenor-Defendant Lincoln County Assessor.

Decision rendered October 14, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This property tax case involves a question of the proper real market value for a 25 acre parcel of property for the 2001-02 tax year and a question of whether Plaintiffs are entitled to an award of attorney fees. In this opinion, Plaintiffs are referred to in the singular as "taxpayer."

## II. FACTS

A. *General background*

The subject property is a parcel of unimproved land, approximately 25 acres in area, located near Cascade Head in Lincoln County. The historic dairy use in this area has been replaced by residential development and efforts to protect natural habitat. Those efforts included the designation of the area as a National Wildlife and Wilderness Area. Consistent with that designation, the federal government acquired a conservation easement from taxpayer's predecessor in title.[1] That easement encumbers the property in question but not an adjacent parcel owned by taxpayer on which a residence is located. The two parcels owned by taxpayer are in separate tax lots.

---

[1] The acquisition of that easement was part of an overall program of fee and easement acquisition designed to protect Cascade Head from further development or urban use.

A substantial residential development, the Cascade Head Ranch, is located near the property. The water supply for that development comes from Crowley Creek, a stream that flows through the subject property.

The conservation easement imposes extensive restrictions on the use of the property. Building activity and agricultural activity are prohibited, except for some grazing of livestock.[2] The property may not be made available for public use.

Taxpayer had leased the property for cattle grazing on a month-to-month tenancy for $50 per month. That lease was terminated in 1999. While the tenancy continued the tenant farmer grazed at most 18 to 20 head of cattle on the property. The cattle grazing use was terminated partly because elk passing through the property broke existing fencing, which permitted the cattle to roam freely. That in turn caused problems with the cattle fouling the water supply of the Cascade Head Ranch. Taxpayer was concerned about the liability exposure presented by wandering cattle and did not view the income from grazing fees to be adequate to justify the cost of fencing to protect the stream, especially considering the likelihood that any fence would suffer damage from wandering elk.

With the cessation of grazing activity, the property became disqualified as farm use property and the property tax advantages available for such use. Apparently in years subsequent to the year at issue, the property qualified for some tax benefits as open-space land. For the year at issue, however, no special use program applied to the property and it was subject to taxation on the same basis as property generally.[3]

Taxpayer testified that the property has only marginal benefit to him and does not augment the view from the separate residential lot.

[2] The easement would have permitted reconstruction of a barn on the property but no other use of the old barn site located there.

[3] The evidence supports the conclusion that an application for open space designation, associated with a wildlife management plan, was pending as of the assessment date. That pending application, however, could have been withdrawn at any time.

B. *Procedural background*

In the Magistrate Division, the magistrate consolidated the appeal by taxpayer with the appeals of several other taxpayers, apparently because the properties, located near Cascade Head in Lincoln County, adjoined each other. The magistrate denied those appeals. Only taxpayer appealed that decision to this division. Notwithstanding other case captions that have been used from time to time, the parties have agreed that the parties and captions shown above are correct and operative in this case.

In the Magistrate Division, taxpayer and other property owners were represented by counsel. The complaint filed in the Magistrate Division requested the following: "That the court acknowledge the assessor's practices as being dilatory, specious and harassing and award plaintiff all fees and costs incurred in these multiple appeals."

On May 12, 2003, taxpayer filed a complaint in this division using the form of document that the court makes generally available to the public. The form does not contain a request for attorney fees but does provide a request "for such other and further relief as the court may deem just and equitable."

As required by ORS 305.501(5)(c), taxpayer named the Department of Revenue (the department) as defendant in this division. In its answer the department alleged that the county had the responsibility to assess the property and stated that it "hereby tenders defense of this matter to the Lincoln County Assessor." Thereafter the county intervened in the case.

The court's records show that at the first case management conference, counsel for the department indicated that the department would stay "on the sidelines" of the case. The department indicated that it did not want to participate actively in the case but did wish to receive copies of documents such as pleadings. Consistently with that, when the department's counsel transferred responsibility for the matter to another member of her office, the court was provided a letter confirming that the department was not actively

defending the case and requesting that only "dispositive rulings or decisions" be sent to a named Assistant Attorney General.

In a letter dated June 24, 2003, taxpayer notified the court that taxpayer was represented by counsel. That individual was not the counsel who had represented taxpayer and others in the Magistrate Division. On March 4, 2004, shortly before trial, taxpayer filed a motion for permission to amend the complaint to specifically state a request for attorney fees and costs under ORS 305.490(4)(a)[4] and a right to attorney fees under ORS 20.105. Taxpayer's motion was supported by an affidavit of his counsel to the effect that such counsel had notified the counsel for Lincoln County (county) in January 2004 that he intended to seek an attorney fee award.

The department then filed a motion seeking to be dismissed from the case. The department's motion argued that it be dismissed as a party because it did not have responsibility for the assessment of the property and had not participated in the case. The department also asserted that the failure of the taxpayer to earlier request attorney fees should cause the court to grant its motion to dismiss because the department would have filed such a motion earlier if it had known of the possibility of such a claim for attorney fees being made against it. The department asserted that for those reasons it "should not be subject to this potential obligation." At trial on this matter the court indicated that it would defer any ruling on the department's motion to dismiss pending further analysis of the case.

## III. ISSUES

A. What is the real market value for the subject property for the 2001-02 tax year?

B. Is taxpayer entitled to attorney fees?

---

[4] All references to the Oregon Revised Statutes (ORS) are to 2001.

# IV. ANALYSIS

## A. *Real market value*

Taxpayer presented the appraisal report and testimony of Rick Walker (Walker) an appraiser certified by the State of Oregon. Walker was knowledgeable about the property in question and the general market in the community for this and similar properties. Walker appropriately relied on the comparable sales approach to value and opined that a value of $1,000 per acre was the real market value of this property. Although some criticisms were leveled against the comparable sales used by Walker, his range of comparable sales fully supports his conclusion of value. The court finds, therefore, that Walker's appraisal report and testimony to be credible.

Russell Sears (Sears) appeared for the county, presented an appraisal report, and gave testimony on his opinion of value for the subject property. Sears admitted that he had not been on the subject property since it was acquired by taxpayer. Sears testified that he saw the federal conservation easement as having very little impact on the value of the property because, in his view, the property could still be used for grazing cattle. In answer to other questions, however, Sears admitted that he did not know what number of cattle had been grazed on the property or the income to the landowner from the grazing lease. Sears further admitted that he did not know if a grazing use would pay for itself. The court finds that the conservation easement had a very significant impact on this property, an impact which Sears ignored.

As for comparable sales, Sears relied upon sales of property that could be used, and was being used, for agricultural purposes. Sears admitted that those properties were not subject to restrictions of the type contained in the conservation easement, but he made no adjustment for that fact. Sears made adjustments by averaging prices and applying percentage reductions, which, with one exception, remained entirely unexplained. Sears testified that, based on his personal experience appraising buildable rural tract land, excess land generally sells for a value one-half that of buildable

rural tract land. Sears did not present market data supporting that relationship to the court.

■ Two extremely significant problems exist with Sears's approach. First, it appears to the court that Sears's experience could well have been with excess land surrounding or adjacent to buildable land where all the land was assessed together. That approach cannot be used here. Such bundled appraisal is not allowed where the residential site land and adjacent land are in different tax lots. *Krummenacker/Zimmerling v. Dept. of Rev.*, 17 OTR 164, 166 (2003). Second, in this case the highly restrictive conservation easement applied to the subject property, but not the adjacent two-acre lot on which a residence was located.

■■ The responsibility of an appraiser is to review and evaluate market data, and base conclusions on such data. Personal conclusions with no basis in actual market data are entitled to little or no weight. In this instance, it is sufficient to observe that without knowing whether the excess land in Sears' experience was burdened with easements of the type present here, information about such land and its relation to the values or prices of other land is entitled to no weight in determining the value of land burdened with a conservation easement. The court, therefore, does not find either Sears appraisal report or his testimony to be reliable.

The record before the court, therefore, contains two appraisals, only one which the court has found to be credible. Based on that record, the court concludes that Walker's appraisal report and testimony are fully supportive of the court's conclusion that the real market value of the subject property is $25,000 for the year in question.

B. *Attorney fees*

■ The parties have proceeded on the assumption that a claim for attorney fees under either ORS 305.490 or ORS 20.105, must be contained in a pleading. While that may be true of a request or claim under ORS 20.105, it is not the case for a claim based on ORS 305.490. The requirement for pleading a claim for attorney fees is generally found in the Oregon Rules of Civil Procedure (ORCP). *See* ORCP 68. No requirement as to presentation of the claim exists in either ORS

20.105 or ORS 305.490. Further, the Oregon Rules of Civil Procedure do not apply to this court. This court has its own rules of procedure, the Tax Court Rules (TCR). *See* TCR Preface. TCR 68 C provides a procedure for pleading, proof, and award of attorney fees, but excludes from its provisions cases in which ORS 305.490 provides the substantive right to such items. TCR 68 C(1)(a). ORS 305.490 does provide the substantive right in this case and no rule of this court requires the claim for fees to be pleaded. The rights under ORS 20.105 do not appear to exceed those under ORS 305.490. Accordingly, the court holds that Plaintiff's Motion To Amend Complaint is not necessary and is denied as moot.

■ ■ The payment of any award of fees and expenses under ORS 305.490 is the responsibility of the department; thus, dismissal of the department from the case would be inappropriate. The department asserts that it did not have responsibility to assess the subject property and did not participate in the proceedings. The department could have participated, however, at any stage of the proceedings. ORS 305.560(4)(a). The department is required to be the defendant in cases involving matters arising under the ad valorem tax laws. ORS 305.501(5)(c). The department has general supervisory authority over all property tax matters. ORS 306.115. Those statutory provisions all support the conclusion that the department must remain a defendant in the case, although it may, as it did here, decide to play little role in the proceedings.

Most importantly, however, the statutory responsibility of the department under ORS 305.490 to pay fee and expense awards is absolute. No condition is stated that those awards accrue only when the department has statutory assessment responsibility or only when the department has in fact exercised its rights to participate in cases. The court holds, therefore, that the Motion To Dismiss Defendant Department of Revenue must be denied.

On the merits of whether taxpayer should recover fees and expenses under ORS 305.490, the parties have agreed to a supplemental hearing on that question. For the purposes of the supplemental hearing, the relevant provisions of TCR 68 C shall apply.

## V. CONCLUSION

Based on the foregoing reasons, the court concludes that the real market value for the subject property to be $25,000 for the tax year in question. The case is continued for a supplemental hearing on the question of an award of attorney fees to taxpayer. Now, therefore,

IT IS ORDERED that the assessor shall make appropriate adjustments to roll value and other records and make an appropriate refund payment; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint is denied as moot; and

IT IS FURTHER ORDERED that the Motion to Dismiss Defendant Department of Revenue is denied; and

IT IS FURTHER ORDERED that a supplemental hearing shall be held regarding whether taxpayer is entitled to attorney fees.

Costs to Plaintiff.