400 December 20, 2011 No. 47

IN THE OREGON TAX COURT
REGULAR DIVISION

Jack R. YARBROUGH,
*Plaintiff,*
*v.*

DEPARTMENT OF REVENUE,
*Defendant*,
*and*

MARION COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 4974)

Plaintiff (taxpayer) appealed a Magistrate Division decision regarding the real market value (RMV) of real property in Marion County. Following trial, the court found that taxpayer had not provided the court with an appraisal by or testimony of an expert witness as to the real market value (RMV) of the real property at issue and thus failed to meet his burden of proof and sustained the county assessor's values as previously determined.

Trial was held August 5, 2011, in the courtroom of the Oregon Tax Court, Salem.

William L. Ghiorso, Attorney at Law, Salem, argued the cause for Plaintiff (taxpayer).

Scott A. Norris, Marion County Counsel, Salem, argued the cause for Defendant-Intervenor Marion County Assessor (the assessor).

Decision for Defendant-Intervenor rendered December 20, 2011.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

Plaintiff (taxpayer) appeals certain real property assessments for the 2008-09 tax year. The properties at issue in this case are identified in the Marion County tax records as tax lots R26196 (parcel 1), R342250 (parcel 2), and R342251 (parcel 3).

## II.   FACTS

The subject properties are located on Evergreen Street, adjacent to the Oregon State Fairgrounds in north-central Salem. Parcels 1 and 2 consist entirely of bare land. Parcel 3 is a "flag lot," with a "flag" portion consisting of bare land, and a "flag pole" section consisting of a paved driveway that connects with Evergreen Street from the east. Parcel 1 is adjacent to Evergreen Street, while parcels 2 and 3 are accessible from Evergreen Street via the paved "flag pole" portion of parcel 3.

Taxpayer acquired the subject properties as one undivided lot roughly five years ago. Taxpayer subsequently subdivided the one lot into the three parcels at issue in this case. Prior to the assessment date for the 2008-09 tax year, taxpayer made several unsuccessful efforts to sell the subject properties. Taxpayer subsequently sold the subject properties in a deal that included other real property owned by taxpayer that was needed by another developer to complete a commercial development in Keizer.

Taxpayer appealed the 2008-09 tax year property tax assessments for each of the parcels subject to this appeal to the Magistrate Division of the Oregon Tax Court. The Magistrate found for the assessor. *See Yarbrough v. Marion County Assessor*, TC-MD No 090332B (Dec 3, 2010). Taxpayer now appeals to the Regular Division.

At trial, the court received in evidence an appraisal report prepared by an appraiser employed by Defendant-Intervenor Marion County Assessor (the assessor). This report supports a real market value (RMV) for each of the subject properties of $48,000 as of January 1, 2008—the assessment date for the 2008-09 tax year.

Taxpayer, in turn, argues that the RMV of each of the three parcels on January 1, 2008, was no more than $30,000. Taxpayer has not provided the court with an appraisal report of an expert witness to support this contention, but at trial produced the testimony of three local developers of real estate, one of whom was also a real estate broker, to support taxpayer's proposed RMV.

### III.   ISSUE

What is the RMV of each of the subject properties?

### IV.   ANALYSIS

RMV is defined as:

> "[T]he amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."

ORS 308.205(1).[1] The RMV of a given parcel of real property is a question of fact. As the party requesting affirmative relief in this proceeding, taxpayer bears the burden of proof in this proceeding on questions of fact. ORS 305.427. Phrased differently, in order to succeed in this case, taxpayer must affirmatively prove that the RMV figure of $30,000 he has given for each of the parcels at issue in this case is more likely than not the value of the property.

As was mentioned above, taxpayer has not provided the court with an appraisal by or testimony of an expert witness as to the value of the parcels at issue in this case. Taxpayer did, however, call several witnesses to provide estimates as to the cost of developing the three parcels. Taxpayer derives his proposed RMV for the parcels at issue in this case by subtracting these estimated development costs from the amount for which his witnesses estimate they could sell the developed lots. The assessor, on the other hand, has provided the court with an appraisal report and testimony and testimony from an appraiser qualified as an expert.

An appraiser's role in a valuation dispute is "to review and evaluate market data, and base conclusions on such data." *McKee v. Dept. of Rev.*, 18 OTR 58, 64 (2004). Such a review of market data is the only way that the court can reasonably choose between competing valuations for any given parcel. That is especially true where, as here, the comparable sales indicator of value is of primary importance. It is for precisely that reason that in a case such as this one "[p]ersonal conclusions with no basis in actual market data are entitled to little or no weight." *Id.*

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2007.

The assessor's appraisal report relies on the "sales comparison" method of valuation. That is to say that the assessor supports the assessor's valuation of the property at issue in this case by comparing each of the parcels to closed sales, listings, or pending sales of similar properties. *See* Appraisal Institute, *The Appraisal of Real Estate* 297 (13th ed 2008). Specifically, the assessor chose three sales of bare land in north-central Salem occurring between September of 2007 and July of 2009. The court considers the appraisal report and the supporting testimony of the assessor's appraiser credible.

While the court appreciates that taxpayer's witnesses possess considerable experience in developing real property in the Salem-Keizer area, it does not appear that these witnesses relied on any specific market data in formulating their estimates as to the costs of developing the parcels at issue in this appeal. At the very least, taxpayer has not provided any such data to the court or, as far as the court can tell, to the assessor. Consequently, the court gives very little weight to the testimony of taxpayer's witnesses.

In addition, taxpayer has made certain criticisms of the comparable sales chosen by the assessor. In the absence of a competing appraisal report, however, taxpayer cannot bear his burden of proof relying only on such criticisms. "[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." *Poddar v. Dept of Rev.*, 18 OTR 324, 332 (2005).

## V.   CONCLUSION

Taxpayer has not borne the burden of proving his proposed RMV for the parcels subject to this appeal. Now, therefore,

IT IS DECIDED that the RMVs for each of parcels 1, 2, and 3 were $48,000 on the assessment date of January 1, 2008.